**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

September 30, 2026

LETTER TO ALL COUNSEL OF RECORD

Re: *Tina R. v. Frank Bisignano, Commissioner, Social Security Administration*
Civil No. 8:25-02909-CDA

Dear Counsel:

On September 4, 2025, Plaintiff Tina R. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301.4 (D. Md. 2025). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 11 and 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE and REMAND the Commissioner's decision. This letter explains why.

## I. PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on October 7, 2019, alleging a disability onset of December 22, 2017. Tr. 23, 201-202. Plaintiff's claims were denied initially and on reconsideration. Tr. 127, 131. On April 23, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 23. Following the hearing, on October 7, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 20. The Appeals Council denied Plaintiff's request for review. Tr. 9. Plaintiff then appealed to this Court, and Defendant filed a Consent Motion to Remand. Tr. 2372. The Court granted the motion and remanded Plaintiff's claims for further proceedings. Tr. 2372. On May 10, 2022, Plaintiff filed new claims for DIB and Supplemental Security Income Benefits ("SSI"). Tr. 2285. A hearing occurred on March 4, 2024. Tr. 2285. On April 25, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 2282-2298. The Appeals Council denied Plaintiff's request for review, Tr. 2275, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] 42 U.S.C. §§ 301 et seq.

## II. <u>THE ALJ'S DECISION</u>

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (further citation omitted).

At step one, the ALJ determined that Plaintiff "engaged in substantial gainful activity during the following periods: July 1, 2022, through September 30, 2022[.]" Tr. 2288. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "multiple sclerosis, degenerative disc disease, alcohol dependence, substance abuse disorder, adjustment disorder, major depressive disorder, bipolar disorder, bipolar affective disorder, post-traumatic stress disorder (PTSD), and anxiety disorder." Tr. 2288. The ALJ determined that these impairments "significantly limit [Plaintiff's] ability to perform basic work activities as required by [Social Security Ruling] 85-28."[2] Tr. 2288. The ALJ also determined that Plaintiff suffered from the non-severe impairment of "pineal cyst." Tr. 2288. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" Tr. 2289. Despite the above-listed impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR [§] 404.1567(a) except she is limited to occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; can never climb ladders, ropes, or scaffolds; can frequently rotate, flex, and extend her neck; and can frequently reach overhead bilaterally. She is also limited to jobs that can be performed while using a single point cane for ambulation; must avoid concentrated exposure to extreme cold, extreme heat, wetness, and excessive vibration; must avoid moderate exposure to hazardous moving machinery, and unprotected heights; and is limited to occupations that do not require more than frequent verbal communication. She can further only perform simple, routine, repetitive, low-stress (no strict production quotas, no assembly line pace work) work involving occasional interaction with supervisors, co-workers, and the general public; and can tolerate occasional

[2] "Examples of [basic work activities] are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgement, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting." Social Security Ruling 85-28, 1985 WL 56856, at *3 (1985).

changes in a routine work setting.

Tr. 2291. At step four, the ALJ determined that Plaintiff was unable to perform past relevant work as a dance instructor (DOT[3] #151.027-014), substitute teacher (DOT #094.227-030), drama teacher (DOT #150.027-014), and waitress (DOT #311.477-018). Tr. 2296. At step five, the ALJ concluded that Plaintiff could perform other jobs that existed in significant numbers in the national economy, such as a product inspector (DOT #726.684-110). Tr. 2297. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 2298.

## III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but . . . somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises two arguments on appeal: (1) the ALJ failed to properly perform a function-by-function assessment of her physical and mental demands; and (2) the ALJ erroneously evaluated her subjective complaints. ECF 11 at 6, 20. Defendant asserts that the RFC "is adequately defined, reflects Plaintiff's physical and mental limitations, and allows for proper review by this Court[,]" and that Plaintiff fails to identify any error in the ALJ's subjective symptom analysis. ECF 12 at 7, 18. Whether the ALJ sufficiently properly performed a function-by-function assessment of Plaintiff's physical and mental demands can be dispositive. *See Mascio v. Colvin*, 780 F.3d 632, 647 (4th Cir. 2015) (brackets and alterations omitted) (determining that "[r]emand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence, or where other inadequacies in the ALJ's analysis frustrate[] meaningful review"). The Court focuses its analysis here and determines that the ALJ erred in assessing Plaintiff's RFC by failing to perform a proper function-by-function assessment of her limitations and articulate logical reasoning as required by law.

---

[3] The "DOT" is the Dictionary of Occupational Titles. *See Pearson v. Colvin*, 810 F.3d 204, 205 n.1 (4th Cir. 2015). "The Dictionary of Occupational Titles, and its companion, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles . . ., are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. *Id.* (citations omitted).

A claimant's RFC represents "the most [they] can still do despite [their] limitations[,]" 20 C.F.R. § 416.945(a), which, when done correctly, "has three components: (1) evidence, (2) logical reasoning, and (3) conclusion[,]" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). "[T]he ALJ's logical explanation[] is just as important as the other two [components]." *Id.* In assessing an RFC, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Id.* (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)) (alterations in original). Pursuant to Social Security Ruling ("SSR") 96-8p, an RFC assessment must include an evaluation of a claimant's ability to perform the physical functions listed in 20 C.F.R. § 416.945(b), which include "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions" and "may reduce [a claimant's] ability to do . . . work." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 416.945(b). "[W]ithout the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy[.]" SSR 96-8p, 1996 WL 374184, at *3.

"Only after" such an analysis may the ALJ express RFC in terms of the exertional level of work that the ALJ believes the claimant capable to perform, such as "sedentary" or "light" work. *Mascio*, 780 F.3d at 636 (quoting SSR 96-8p, 1996 WL 374184, at *1); *see also* 20 C.F.R. § 404.1567 (defining the requirements for each physical exertion level). The Fourth Circuit in *Thomas* emphasized that its precedent "makes clear that meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion." *Thomas*, 916 F.3d at 311 (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)).

Moreover, "every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing the evidence' that supports it." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021) (brackets and citation omitted) (citing *Thomas*, 916 F.3d at 311). The ALJ "must *both* identify evidence that supports [their] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [their] conclusion.'" *Woods*, 888 F.3d at 694 (quoting *Monroe*, 780 F.3d at 636) (emphasis and second alteration in original) (further citation omitted). As *Mascio* explains, an unsupported or otherwise improper assessment that prevents a district court's meaningful review may warrant remand due to inadequate analysis. 780 F.3d at 647.

Plaintiff argues that the ALJ failed to support the RFC in four ways. First, Plaintiff contends that the ALJ failed to explain how an individual like Plaintiff with moderate limitations in concentration, persistence, and pace ("CPP") would be capable of maintaining CPP for approximately 90% of the workday. ECF 11 at 7. Second, Plaintiff asserts that the ALJ failed to address Plaintiff's ability to perform physical work-related activities for eight hours a day, five days a week. *Id.* at 8. Third, Plaintiff avers that the ALJ failed to properly evaluate pertinent evidence and explain contradictory findings where the ALJ found "persuasive" the opinions of the state agency physician—who found that Plaintiff has moderate difficulties in understanding, remembering, and carrying out detailed instructions—yet found that Plaintiff was capable of those tasks without limitation. *Id.* at 10. Last, Plaintiff insists that the ALJ did not support the RFC with the required narrative discussion to show how the evidence supported each conclusion. *Id.* at 16.

The Court agrees that the ALJ committed reversible error in failing to articulate, through

narrative discussion, reasoning that reflects a function-by-function analysis and supports their conclusions. ALJs must "consider all of the claimant's 'physical *and* mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work[]'" *before* expressing the claimant's RFC. *Thomas*, 916 F.3d at 311 (quoting *Monroe*, 826 F.3d at 188) (emphasis added); *see also* SSR 96-8p, 1996 WL 374184, at *1. Here, the ALJ found that Plaintiff had the severe impairments of "multiple sclerosis, degenerative disc disease, alcohol dependence, substance abuse disorder, adjustment disorder, major depressive disorder, bipolar disorder, bipolar affective disorder, PTSD, and anxiety disorder[.]" The ALJ determined that these impairments "significantly limit [Plaintiff's] ability to perform basic work activities as required by [Social Security Ruling] 85-28[,]" Tr. 2288, which include "walking, standing, sitting, [and] lifting[,]" SSR 85-28, 1985 WL 56856, at *3. The ALJ's decision does not mention—on a function-by-function basis—whether Plaintiff's impairments impose limitations on physical work activities as listed in section (b) of 20 C.F.R. § 416.945 and how any such physical limitations affect Plaintiff's ability to work for a full workday. *See Mascio*, 780 F.3d at 637 (concluding that an ALJ erred in failing to discuss the claimant's ability to perform tasks for a full workday in the claimant's RFC); *see also* SSR 96-8p, 1996 WL 374184, at *1; 20 C.F.R. § 416.945(b) (indicating that limitations in physical activities like "sitting standing and walking . . . may reduce [a claimant's ability to do past work and other work").

The same is true regarding the ALJ's assessment of Plaintiff's mental limitations. The ALJ determined that the "paragraph B"[4] criteria were not satisfied because Plaintiff's "mental impairments did not cause at least two 'marked' limitations or one 'extreme' limitation[.]" Tr. 2290. The ALJ further noted that the "paragraph B" limitations are not an RFC assessment but only a reference point for assessing severity of impairments, that mental impairments require a "more detailed assessment" than is performed at steps two and three, and that the RFC assessment reflects "reflects the degree of limitation I have found in the 'paragraph B' mental function analysis." Tr. 2291. The ALJ also found that Plaintiff has "moderate limitation[s]" in understanding, remembering, or applying information, as well as in CPP and Plaintiff's ability to adapt or manage herself, ultimately concluding that Plaintiff has an RFC to perform "sedentary work." Tr. 2289-91. However, the decision lacks discussion of how Plaintiff's mental impairments and the assessed "moderate limitations" affect Plaintiff's ability to work for a full workday. *See* Tr. 2289-90; *see also Thomas*, 916 F.3d at 312 (citing SSR 96-8p, 1996 WL 374184, at *2, and then citing *Mascio*, 780 F.3d at 637) (finding error where "the ALJ drew no explicit conclusions about how [the claimant's] mental limitations affect her ability to perform job-related tasks for a full workday—a benchmark established by the Administration's own regulations"). Rather, the ALJ's decision leaps from reciting evidence to propounding a conclusion that Plaintiff can perform "sedentary work" and has physical and mental limitations in activities such as

---

[4] As noted in *Greene v. Saul*:

> Paragraph B of these listings provides the functional criteria assessed, in conjunction with a rating scale, to evaluate how a claimant's mental disorder limits his or her functioning. These criteria represent the areas of mental functioning a person uses in a work setting. They are: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself.

433 F. Supp. 3d 783, 789 n.4 (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00(A)).

climbing ramps and interacting with others. Tr. 2291. The ALJ followed that determination with a discussion of the evidence that supports their findings and concluded the discussion by stating, "[b]ased on the foregoing, [I] find[] that [Plaintiff] has the above residual functional capacity assessment[.]" Tr. 2296. The Fourth Circuit has held that it is error for an ALJ to proceed with such a chronology. *See Thomas*, 916 F.3d at 312 (citing *Monroe*, 826 F.3d at 188) (concluding that an ALJ erred where they expressed a claimant's RFC "*then*" concluded that the limitations caused by her impairments were consistent with that RFC) (emphasis in original).

The Court has recognized that the Fourth Circuit declined to adopt a per se rule that failure to perform a proper function-by-function analysis requires remand in every instance. *See, e.g.*, *Rodney M. Kijakazi*, No. CDA-23-0947, 2024 WL 1097192, at *4 (D. Md. Mar. 13, 2024) (citing *Mascio*, 780 F.3d at 636). However, "the lack of a rule *requiring* remand does not mean that remand is never the appropriate outcome when an ALJ fails to engage in a function-by-function analysis." *Dowling*, 986 F.3d at 388. Thus, several decisions from this Court have remanded based on a failure to perform the function-by-function analysis and the Court was unable to discern the reasoning for imposing the RFC. *See Monica F. v. Bisignano*, No. AAQ-25-2012, 2026 WL 2268433, at *3 (D. Md. Aug. 6, 2026) (collecting cases). This decision follows suit.

Lacking the connective tissue from evidence to conclusion, the ALJ's decision omits the "logical bridge" required for meaningful review. *See Woods*, 888 F.3d at 694; *see also Dowling*, 986 F.3d at 387 ("[E]very conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it."). After providing an RFC with several limitations, the ALJ did not provide sufficient reasoning for the determination that Plaintiff could only perform "sedentary work," how Plaintiff could work a full day subject to the above-mentioned physical and mental limitations, or how the RFC's restrictions addressed those limitations and permitting her to work a full day. *See Proctor v. Colvin*, 229 F. Supp. 3d 494, 500 (S.D.W. Va. 2017) ("[H]aving found moderate deficiencies in maintaining concentration, persistence, or pace, [the ALJ] was obligated to explain whether these deficiencies affected Claimant's ability to perform sedentary work."); *id.* (determining that an ALJ erred in failing to explain their reasons for determining the conditions imposed within a claimant's RFC); *Boston v. Barnhart*, 332 F. Supp. 2d 879, 888 (D. Md. 2004) (citing *Arnold v. Sec'y Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977)) ("[T]he ALJ failed to provide any explanation or narrative discussion as to how she determined the plaintiff retains the RFC for sedentary work. Such a finding, absent any analysis, makes it impossible for this Court to apply the substantial evidence test.").

"Right or wrong, [the ALJ's determination] warrants some explanation." *Thomas*, 916 F.3d at 312. Because the case is being remanded on other grounds, I need not address Plaintiff's other arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's RFC findings or disability determination is correct.

## V. **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED and REMANDED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge